21709

Arthur L. MOULTRIE, Appellant, v. Bryan RANGER, Respondent.

(292 S. E. (2d) 41)

*Moss, Carter, Branton & Bailey,* Beaufort, *for appellant.*

*Levin, Sams & Davis,* Beaufort, *for respondent.*

May 24, 1982.

LEWIS, Chief Justice:

This action to recover property damages arose out of a tractor automobile collision — the tractor being operated by appellant's employee and the automobile by one Merritt (eliminated from the case because of a settlement covenant) who, it is alleged was engaged at the time in a race with respondent Ranger. Ranger's vehicle was in front of Merritt, proceeding in the same direction, and safely passed appellant's tractor. A few seconds after respondent Ranger passed the tractor, the collision occurred.

The trial judge properly held that, since respondent's vehicle was not physically involved in the collision, liability of respondent, if any, under this record, had to rest upon proof that the vehicles of respondent and Merritt were engaged in a race at the time. Finding that there was insufficient, evidence

to raise a jury issue as to the allegations of racing, the trial judge directed a verdict in favor of respondent.

There is no claim that there was any testimony to establish an agreement to race. In order to establish the allegations of racing, appellant relied solely upon (1) estimates of the speed of respondent's vehicle and (2) a statement allegedly made to an officer by Merritt at the scene of the collision to the effect, "It was my (Merritt's) fault, I was playing catch-up."

Estimates of respondent's speed ranged from 55 m.p.h., possibly 60, by him to 75 or 80 m.p.h. by the tractor driver. The fact alone that two vehicles, proceeding in the same direction, one following the other, are traveling at excessive speeds does not establish that they are engaged in a race. If so, common experience teaches that many motorists would become liable for damages incurred in wrecks simply because they were proceeding at a fast rate in close proximity to another vehicle which was involved in a collision.

Neither was the hearsay statement of Merritt to the officer, if properly admitted, that he was playing "catch-up," sufficient to establish that respondent was racing. The fact that Merritt was "playing catch-up" was of no probative value in establishing that respondent was racing in an attempt to keep him from overtaking. There is a total lack of any evidence in this record reasonably tending to establish by communication or concert of action that respondent was engaged in a contest of speed with Merritt so as to render respondent liable for the damages caused by Merritt's negligent acts in colliding with appellant's tractor.

The judgment is accordingly affirmed.

LITTLEJOHN and GREGORY, JJ., concur.

NESS and HARWELL, JJ., dissent.

NESS, Justice (dissenting):

I find sufficient evidence in the record to create a jury issue as to whether respondent, Ranger, and a Mr. Merritt were engaged in a race at the time this collision occurred and dissent.

I agree the respondent's liability depends upon whether respondent and Merritt were racing. I disagree, however, that

there is *no* testimony in the record to warrant submission of the case to the jury.

In addition to the estimates of the speed of respondent's vehicle, Patrolman Carroll, the investigating officer, testified he arrived at the scene within thirty minutes after the collision while Merritt was still in his car. He further stated that as the ambulance attendants were lifting Merritt out of the car, "I asked Mr. Merritt what had happened and he told me that he knew he was wrong; that he was playing catch with another boy."

Moreover, respondent Ranger testified:

> "Q. Did you hear the testimony of Patrolman Carroll?
> "A. Yes, sir.
> "Q. Did you hear what Mr. Merritt told Patrolman Carroll?
> "A. Yes, sir.
> "Q. That he was playing catch-up with someone?
> "A. Yes, sir.
> "Q. Is there any questions that you were the driver of the yellow car that passed Mr. Simmons?
> "A. No, sir.
> "Q. Is there any questions that you were the one that Mr. Merritt was referring to?
> "A. No, sir."

This testimony was entered without objection by any party and clearly is *some* evidence the two were racing. This testimony could reasonably be construed as an admission by respondent that he was racing with Merritt.

The evidence presented is by no means conclusive as to the issue of racing; however, it is sufficient to create a jury issue, thus I would reverse.

Reversed.

HARWELL J., concurs.